STATE of Tennessee, Plaintiff-Appellant,

v.

Ricky Lee WEBB, Defendant-Appellee.

Supreme Court of Tennessee.

Dec. 7, 1981.

A. H. Schoonover and Clayburn Peeples, Asst. Dist. Attys. Gen., Trenton, Charles L. Lewis, Asst. Atty. Gen., Nashville, for plaintiff-appellant; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

Fred Collins, Benjamin M. Huey, II, Milan, for defendant-appellee.

OPINION

HARBISON, Chief Justice.

The Court of Criminal Appeals reversed the conviction of appellee in the present case because of the admission into evidence of incriminating statements which he made in the presence of an undercover agent while being held in jail after arrest. The trial court excluded statements made by appellee directly to the agent but permitted the agent to testify concerning statements made by appellee to his nephew, who was also placed in the same jail cell and who had just pled guilty and had been sentenced for participating in the same offenses for which appellee had been arrested and charged. The agent not only overheard these statements but participated in eliciting them. Appellee and his nephew were arguing angrily, and the agent urged them to sit down and discuss quietly their differences. He had been placed in the cell with appellee and the nephew for the very purpose of procuring information about appellee's participation in the crime for which he was charged. The Court of Criminal Appeals held that the evidence obtained by the undercover agent was inadmissible and reversed the conviction.

This Court granted review upon application of the State because at that time the decision of this Court in *State v. Berry*, 592 S.W.2d 553 (Tenn.1980), was the subject of a pending petition for certiorari to the Supreme Court of the United States. Also at that time the Supreme Court had granted review in the case of *United States v. Henry*, 590 F.2d 544 (4th Cir. 1978), *cert. granted*, 444 U.S. 824, 100 S.Ct. 45, 62 L.Ed.2d 30 (1979). This Court had cited and relied upon the *Henry* case in its decision in *State v. Berry, supra.*

Subsequently the Supreme Court of the United States denied review in *Tennessee v. Berry*, 449 U.S. 887, 101 S.Ct. 241, 66 L.Ed.2d 112 (1980). It also affirmed the decision in *United States v. Henry*, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980).

**260**

In light of this action by the Supreme Court of the United States, we are of the opinion that the Court of Criminal Appeals correctly decided the issues in the present case. We are not persuaded by the contention of appellant that there is a significant distinction in the present case from *United States v. Henry, supra,* because the incriminating statements uttered by appellee occurred prior to indictment while those of the accused in *Henry* occurred after indictment. Appellee was already in custody and under arrest pursuant to the issuance of a formal warrant charging him with the offenses for which he was subsequently convicted. In our opinion, formal criminal proceedings against him had commenced, and the fact that the statements made by him occurred prior to actual indictment is not controlling. *See State v. Mitchell,* 593 S.W.2d 280 (Tenn.1980).

With these observations, we affirm the judgment of the Court of Criminal Appeals and direct that its opinion be published herewith. The cause is remanded to the trial court for a new trial in accordance with the opinion of the Court of Criminal Appeals, costs incident to the appeal being taxed to the State.

FONES, COOPER, BROCK and DROWOTA, JJ., concur.